UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ANDERS LEE

                                    Plaintiff,

         -against-

THE CITY OF NEW YORK, P.O. ANA D. CUAZ, Shield # 29104; P.O. YAUDY FERNANDEZ, Shield # 3894; P.O. CHRISTOPHER GARCIA, Shield # 6086; and P.O. PETER THALL, Shield # 1665, the individual defendants sued individually and in their official capacities,

                                  Defendants.

------------------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

14-cv-2526-ENV-LB

ECF Case

Jury Trial Demanded

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. §§ 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. The claims arise from an incident, which occurred on or about August 24, 2013. During the incident the City of New York and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things, false arrest, unreasonable force, unlawful search and seizure, failure to intervene, and implementation and continuation of an unlawful municipal policy, practice, and custom. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Kings County.

4. In addition, City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

5. Plaintiff ANDERS LEE is a resident of the State of New York, Kings County.

6. Defendant CITY OF NEW YORK is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7. Defendants ANA D. CUAZ, assigned Shield # 29104, P.O. YAUDY FERNANDEZ, Shield # 3894; P.O. CHRISTOPHER GARCIA, Shield # 6086; and P.O. PETER THALL, Shield # 1665 are New York City Police Officers employed with Transit District 33, the 94th Precinct and/or 870 Command, located in Brooklyn, New York who violated plaintiff's rights as described herein.

8. The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

9. On or about August 24, 2013, at approximately 04:35 a.m., at and in the vicinity of the corner of Lorimer Street and Metropolitan Avenue, Brooklyn, New York, police officers from 870 Command, including defendant P.O. Cuaz, at times acting in concert and at times acting independently, committed the following illegal acts against plaintiffs.

10. On or about August 24, 2013, plaintiff was inside the Lorimer L train subway station in the vicinity of the corner of Lorimer Street and Metropolitan Avenue, when

plaintiff's friend was arrested. Plaintiff's other friend exited the L train station and went up to where their hand-cuffed friend was with the police officers and asked the police where they were taking their friend.  The police were very aggressive, and plaintiff tried to diffuse the situation when the police started yelling at plaintiff as he was leading his friend away.  Plaintiff asked the police to take it easy, and then without reasonable suspicion or probable cause that plaintiff had committed a crime, police officers, including defendant P.O. Cuaz, unlawfully arrested plaintiff.

11. Once plaintiff was confronted, he was not free to disregard the defendants' questions, walk away or leave the scene.

12. During the arrest of plaintiff, police officers, including defendant P.O. Cuaz, and P.O. Fernandez maliciously, gratuitously, and unnecessarily punched plaintiff in the face, causing the plaintiff to have bruising, swelling, and broken blood vessels in the eye. These officers continued to punch plaintiff at least another three to four times after plaintiff was on the ground.  Plaintiff was injured as a result of these acts.  Those individual defendants who did not touch plaintiff, including P.O. Garcia and P.O. Thall, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

13. Thereafter, police officers, including defendant P.O. Cuaz, transported plaintiff to the 94th Precinct.

14. Thereafter, plaintiff was removed to Brooklyn Central Booking, where he was subjected to depraved, filthy, and inhumane conditions of confinement before being arraigned.

15. While plaintiff was incarcerated at the 94th Precinct and Central Booking awaiting arraignment, the defendants pursuant to a conspiracy, falsely and maliciously told the Kings County District Attorney's Office that plaintiff had committed a crime, and based on the

officer's false allegations, the District Attorney's Office decided to prosecute plaintiff in Kings County Criminal Court under docket number 2013KN065773.

16. After being incarcerated overnight, plaintiff was arraigned and appeared in criminal court two additional dates before the case was adjourned in contemplation of dismissal on January 16, 2014, and dismissed on January 28, 2014.

17. The aforesaid events were not an isolated incident. Defendant City of New York had been aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of the NYPD's officers are insufficiently trained on the proper way to use force, and treat innocent members of the public. Defendant City of New York was further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant City of New York failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

18. Moreover, defendant City of New York was aware prior to the incident that the defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as officers. Despite such notice, defendant City of New York had retained these officers, and failed to adequately train and supervise them.

19. The individual defendants acted in concert committing the above described illegal acts toward plaintiff.

20. Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

21. At no time prior to, during or after the above incidents were the individual

defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had violated any law, regulation, or administrative code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above incidents.

22. The defendants acted under pretense and color of state law and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of his rights.

23. As a result of defendants' actions plaintiff experienced personal and physical injuries (abrasions, lacerations, and contusions), pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

24. Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

## FIRST CLAIM
### (UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW – P.O. CUAZ AND P.O. FERNANDEZ)

25. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

26. Defendants unlawfully stopped plaintiff without cause or consent.

27. Accordingly, defendants are liable to plaintiff for unlawful search and

seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (FALSE ARREST UNDER FEDERAL LAW – P.O. CUAZ AND P.O. FERNANDEZ)

28. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

29. Defendants falsely arrested plaintiff without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

30. Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## THIRD CLAIM

### (UNREASONABLE FORCE - P.O. CUAZ AND P.O. FERNANDEZ)

31. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

32. The individual defendants' use of force upon plaintiff was objectively unreasonable.

33. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff.

34. Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

35. Accordingly, the defendants are liable to plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## FOURTH CLAIM

### (FAILURE TO INTERVENE – P.O. GARCIA AND P.O. THALL)

36. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

37. The individual defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

38. Accordingly, the individual defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## FIFTH CLAIM

### (MONELL CLAIM)

39. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

40. Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

41. Defendant City of New York through the NYPD and its officers, committed the following unconstitutional practices, customs and policies against plaintiff: (1) unlawfully stopping and searching innocent persons; (2) wrongfully arresting innocent persons in order to meet productivity goals; (3) using unreasonable force on individuals; and (4) fabricating evidence against innocent persons.

42. Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

43. Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them. Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

44. Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop, arrest and prosecute innocent individuals, based on pretexts and false evidence.

45. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants, placing the defendant City of New York on notice of the individual defendants' propensity to violate the rights of individuals.

46. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

47. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   Brooklyn, New York
         September 5, 2014

>   ANDREW S. RENDEIRO, ESQ.
>   *Attorney for Plaintiff*
>   Flamhaft Levy Hirsch & Rendeiro LLP
>   16 Court Street, Suite 3301
>   Brooklyn, New York 11241
>   (718) 237-1900
>   asrendeiro@yahoo.com
>   By:
>
>   __s/_____
>   ANDREW S. RENDEIRO
>
>   MICHAEL O. HUESTON, ESQ.
>   *Attorney for Plaintiff*
>   16 Court Street, Ste, 3301
>   Brooklyn, New York 11241
>   (718) 246-2900
>   mhueston@nyc.rr.com